In Re: Appeal of City of Bethlehem, Pennsylvania Local 735 of the International Association of Firefighters (AFL-CIO) *v.* City of Bethlehem, Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Edward H. Feege,* with him *Hayes and Feege,* for appellant.

*Stephen C. Richman,* with him *Markowitz & Kirschner,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 17, 1976:

City of Bethlehem (Appellant) seeks review of an award of an arbitrator pursuant to Pa. R.J.A. No. 2101. Appellant alleges that it ''does not possess the legal authority to include a provision in the collective bargaining agreement requiring that all unresolved disputes under the terms of the collective bargaining agreement be submitted to arbitration'' and ''[e]ven if the Arbitrator had jurisdiction to render his award, the same did not draw its essence from the basic agreement.''

In *Pennsylvania Turnpike Commission v. Sanders & Thomas,* 461 Pa. 420, 426, 336 A.2d 609, 612-13 (1975), Justice POMEROY wrote, in discussing a similar situation to Appellant's first contention, ''the Commission so agreed [to arbitrate in accordance with the collective bargaining agreement], that it cooperated in the naming of arbitrators and that it participated fully in the arbitration hearings, all without any suggestion that the proceeding was in any way

594

questionable, it [the Commission] now seeks to vacate the award on the ground that the proceeding was a nullity and the award void. . . . [L]ike the Commonwealth Court, we reject it.''[1]

Justice POMEROY later wrote in *International Brotherhood of Firemen and Oilers, AFL-CIO Local 1201 v. School District of Philadelphia,* Pa. , , 350 A.2d 804, 808 (1976):

Recently we held, construing this section, that the Act of 1927 is applicable to contracts to which the Commonwealth and its agencies, instrumentalities, and political subdivisions are parties and which contain general agreements to arbitrate disputes without reference to any statutory remedy. Since the School District is an agency of the Legislature, the collective bargaining agreement before us appears to qualify under this test.

While these cases are not direct precedent, their logic and course are unmistakable. In addition, far from forbidding arbitration, the General Assembly requires it. For Appellant now to argue that it does not possess the legal authority to arbitrate and if it did, would constitute an unlawful delegation of au-

[1] Pursuant to Section 401(a)(2) of The Appellate Court Jurisdiction Act of 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(2), this Court had initially decided the case. Judge ROGERS' thorough discussion of the *Sanders* case can be found at 12 Pa. Commonwealth Ct. 145, 316 A.2d 127 (1974).

[7] The Act of 1927 is not applicable to contracts for personal services. See §1 of the Act, 5 P.S. §161. This Court has held, however, that a collective bargaining agreement between an employer and a labor union representing its employees is generally not a contract for personal services because 'no one has a job by reason of it and no obligation to any individual ordinarily comes into existence from it. alone.' Amalgamated Assoc. of Street, Electric Railway and Motor Coach Employes of America v. Pittsburgh Railways Co., 393 Pa. 219, 223-24, 142 A.2d 734, 736 (1958). (Citations omitted.)

thority, is not only as Appellee Union contends "unconsionable" but inconsistent with the position of the law today.

Appellant's second contention that the award did not draw its essence from the basic agreement is equally without merit.

The award of an arbitrator will be sustained "so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960).

As President Judge BOWMAN wrote in *Brownsville Area School District v. Brownsville Education Association*, 26 Pa. Commonwealth Ct. 241, 363 A.2d 860 (1976):

'In Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3rd Cir. 1969), the "essence test" enunciated in United Steelworkers was explained as follows: "[A] labor arbitrator's award does 'draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; *only where there is a manifest disregard of the agreement*, totally unsupported by principles of contract construction and the law of the shop, *may a reviewing court disturb the award*." (p. 1128) (Emphasis added.)'
Teamsters Local 77 v. Pennsylvania Turnpike Commission, 17 Pa. Commonwealth Ct. 238, 241-42, 331 A.2d 588 (1975). See also County of Franklin v. AFSCME, 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975).

Our review of the record indicates the award of the arbitrator is founded upon the agreement. *Teamsters, supra.*

Therefore, we must

ORDER

AND Now, this 17th day of December, 1976, the award of the arbitrator dated April 12, 1976, is hereby affirmed.

————

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur in the result reached by the majority. However, as this allocatur appeal raises an issue not heretofore passed upon by this Court, I am constrained to express my reasons for agreeing with the majority.

Are the provisions of a collective bargaining agreement requiring ultimate binding arbitration of disputes arising under the contract void and unenforceable as violative of Section 31, Article III, of the Pennsylvania Constitution, said contract having been *voluntarily* entered into by a public employer and its firemen?

Prior to and subsequent to the enactment of the Act of January 24, 1968, P.L. 237, 43 P.S. §217.1 et seq. (commonly referred to as Act No. 111) the City of Bethlehem had voluntarily entered into collective bargaining contracts with the representatives of its firemen, which contracts contained provisions for grievance procedures and ultimate binding arbitration of disputes arising *under* the contract. The dispute giving rise to this appeal involves Section 4, Article VIII, of the current contract which provides that vacation scheduling will be in accordance with "fire bureau policies" and selection for vacation periods shall be based on seniority and taken from January 1 to December 31. However, the fire commissioner issued a directive that no vacation periods would be permitted during fire prevention week, thus producing the dispute which proceeded to binding arbitration under the contract. The arbitration award, favorable to the fire-

man, concluded that the fire commissioner's directive assertedly issued under the contract as "fire bureau policy" cannot negate the specific provisions of Section 4, Article VIII, providing for vacation periods throughout the year. The City has refused to abide by the award asserting (1) that the arbitrators erred as a matter of law in so concluding and (2) that the binding arbitration provisions of the contract constitute an unlawful delegation of municipal power to private persons, the arbitrators, and, therefore, these provisions are constitutionally void.

Our Supreme Court and this Court have addressed themselves to questions of procedure, the application of a particular statute for purposes of jurisdiction, and the scope of judicial review of arbitration awards arising out of labor disputes and labor contracts involving public employers and public employees. However, in none of these decisions was the particular constitutional issue here raised specifically passed upon. In *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. County of Allegheny*, 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), we held that an arbitration award issued after an *impasse* in bargaining under Act No. 111, which award contained a provision for ultimate binding arbitration of disputes unresolved by the arbitration award itself was an unconstitutional delegation of municipal power and not within the exception contained in Section 31, Article III, of our Constitution. *See also Harney v. Russo*, 435 Pa. 186, 255 A.2d 560 (1969). The Supreme Court in *International Brotherhood of Firemen and Oilers, AFL-CIO Local 1201 v. School District of Philadelphia*, Pa. , 350 A.2d 804 (1976), *sub silento*, recognized the vitality of a provision in a voluntarily executed collective bargaining agreement between a public employer and its employees which provided for binding arbitration of dis-

putes arising *under* the contract. In that case the Supreme Court was primarily concerned with the standard of judicial review of an arbitration award as under the common law or as being within the provisions of the Act of April 25, 1927, P.L. 381, 5 P.S. §161 et seq., and subject to the standards therein prescribed.

A review of the rationale of *Harney* and the other decisions herein cited convinces me that so long as a voluntarily entered into labor agreement between a public employer and its employees limits binding arbitration to disputes arising *under* the contract and does not extend to binding arbitration of disputes arising outside of the four corners of the labor contract such binding arbitration provisions do not violate Section 31, Article III, of the Constitution as no power vested in the municipal corporation is being delegated by such a provision, but rather, is a statutorily sanctioned method of resolving a contract dispute. 5 P.S. §161 et seq.

Finally, I fully agree with the majority that appellant's other contention is without merit. The arbitration award goes to the very essence of the contract in resolving the dispute giving rise to this appeal.