County of Lackawanna, Appellant *v.* Service Employees' International Union, AFL-CIO and Service Employees' International Union, AFL-CIO, Local 406, Appellees.

Argued October 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*Sheldon Rosenberg,* with him *Jacob Nogi, Robert Ufberg, James J. Ligi,* and *Nogi, O'Malley & Harris,* for appellant.

*Robert D. Mariani,* with him *Joseph P. Coviello,* and *Dunn, Byrne & Coviello,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 31, 1978:

The County of Lackawanna (Employer/Appellant) appeals an order of the Court of Common Pleas affirming an Arbitrator's decision finding that Employer violated provisions of a collective bargaining agreement (Agreement) with the Service Employees' International Union, AFL-CIO, Local No. 406 (Union), and ordering reinstatement of the employees terminated in violation thereof.

On January 1, 1975, pursuant to the provisions of the Pennsylvania Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101-.101 et seq. (Act 195), Employer entered into the Agreement with the Union providing for wages, hours, working conditions, layoffs, etc., terminating December 31, 1976.

Because of strained economic conditions, Employer notified certain county employees of an accelerated terminal date, to wit: December 31, 1975.

Union filed a grievance in behalf of the affected employees, alleging that Employer had misinterpreted Article IX of the Agreement and violated Article XI.[1]

The grievance was processed in accordance with the Agreement and an arbitrator was selected to hear and decide whether the layoffs were proper.[2]

The Arbitrator found that the employees were wrongfully terminated and ordered reinstatement with back pay and benefits retroactive to the termination date.[3]

Employer, in its appeal to the court below, contended that the Arbitration Act of 1927 (Act of 1927),[4] not Act 195, dictates the parameters of the Arbitrator's procedural and remedial powers. It is Employer's position that the provisions of the Act of 1927 are mandatorily applicable to all written contracts to

---

[1] Article IX, Section 1, of the Agreement states:

Seniority shall be county wide by classification and is defined as the length of an employee's continuous service with the [Employer]. . . .

Article XI, Section 3, provides:

If the experience, skill and ability of two (2) or more employees having the same classification are substantially equal, layoffs shall be in the reverse order of seniority.

[2] Article XXVII governs the "Grievance Procedure," the "Fourth Step" of which provides in relevant part:

A request for arbitration may be initiated by the Union serving upon the [Employer] a notice in writing of an intent to proceed to arbitration. . . . Upon receipt of a notice requesting arbitration, the parties shall meet to select an arbitrator. . . .

[3] The Arbitrator held that where an employer departs from the unequivocal test of seniority and relies upon the relative abilities of employees, the employer must show that qualifications of those whom he favors are substantially superior to those whom he does not.

[4] Act of 1927, April 25, P.L. 381, *as amended*, 5 P.S. §161 et seq.

which the Commonwealth or any of its subdivisions are a party;[5] that Act 195 merely takes the parties up to the point of arbitration and thenceforth the Act of 1927 dictates the procedural and substantive context of the Arbitrator's actions; and that the Act of 1927 forbids the issuance of mandatory orders.[6] Accordingly, so argues Employer, the Arbitrator exceeded his authority by mandating reinstatement of those employees unlawfully terminated. It is further argued that the Arbitrator imperfectly executed his powers in violation of Section 10(d) of the Act of 1927, 5 P.S. §170(d), by publishing his award without consulting with other members of the tripartite arbitration panel or obtaining their affixed signatures on the final award.

The Union responded by answering that the scope of the Arbitrator's remedial powers is governed by the Agreement and Act 195, and is not restricted by the Act of 1927.

_____

[5] Section 16 of the Act of 1927, 5 P.S. §176, provides:

The provisions of this act shall apply to any written contract to which the Commonwealth of Pennsylvania, or any agency or subdivision thereof, or any municipal corporation or political division of the Commonwealth shall be a party.

[6] Section 14 of the Act of 1927, 5 P.S. §174, states in relevant part:

The arbitration shall be docketed in the prothonotary's office *as if it were an action at law* in the prothonotary's office. . . .

*The judgment* so entered *shall have the same force and effect, in all respects as, and be subject to, all the provisions of law relating to a judgment in an action at law, and it may be enforced as such in accordance with existing law.* (Emphasis added.)

Appellant, relying on *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A.43 (1938), correctly argues that a mandatory reinstatement order is an equitable remedy and not permitted within the scope of this section.

The court below, in a well-reasoned Per Curiam Opinion, found that Act 195 mandates the arbitration of grievances and permits the parties, through negotiation, to adopt an appropriate arbitration procedure;[7] that the scope of the Arbitrator's power is dictated by the Agreement; that his decisions are to be final and ending;[8] and that judicial review of the Arbitrator's decision is limited to the so-called "essence test," viz, an arbitrator's award will be reversed on appeal only when it fails to draw its essence from and manifestly disregards the applicable collective bargaining agreement. *See In Re: Appeal of City of Bethlehem,* 27 Pa. Commonwealth Ct. 592, 367 A.2d 409 (1976). Accordingly, the court below dismissed the appeal and sustained the Arbitrator's award.

We affirm.

The decision of the court below preceded our Supreme Court's pronouncement in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977), wherein it held that the Act of 1927 was

---

[7] Section 903 of Act 195, 43 P.S. §1101.903, provides as follows: Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. *The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree. . . .* (Emphasis added.)

[8] Article XXVII of the Agreement provides:

Fourth Step—Arbitration:

(A). The arbitrator shall have no power or authority to add to, subtract from, or modify the provisions of this agreement in arriving at a decision of the issue or issues presented and shall confine his decision solely to the application and interpretation of this agreement. *This decision or award shall be final and ending. . . .* (Emphasis added.)

not impliedly repealed by Act 195, but that where provisions of the two acts conflict, Act 195 controls, 473 Pa. at 594-96, 375 A.2d at 1276.

Pursuant to Section 903 of Act 195, 43 P.S. §1101-.903, the parties established an arbitration procedure agreeing that the scope of the Arbitrator's powers shall be limited and defined by the Agreement and that his decision shall be final and ending. To permit the operation of Section 14 of the Act of 1927, 5 P.S. §174, thereby precluding the arbitrator from issuing a mandatory order enforcing the terms of the Agreement, would indeed neutralize that Agreement. In these circumstances, Section 903 of Act 195 must control.

In reviewing the Arbitrator's decision, we are to determine whether his award draws its essence from the Agreement. If his interpretation can in any rational way be derived from the Agreement, viewed in light of its language, its context and any other indicia of the parties' intention, it will be sustained. Only where there is a manifest disregard of the Agreement, totally unsupported by principles of contract construction, may we disturb the award. *See Community College of Beaver County, supra. See also County of Allegheny v. Allegheny County Prison Employees Independent Union*, Pa. , 381 A.2d 849 (1977).

We can find no manifest disregard of the Agreement and agree with the court below that the Arbitrator's award was founded directly on the Agreement, clearly draws its essence therefrom, and that the Arbitrator's interpretation of the Agreement is reasonable.

We see no merit in Appellant's second argument that the Arbitrator's award was invalid because it was unilaterally declared. A careful review of the Agreement and the record tells us that the parties agreed that a single arbitrator would hear and decide the

merits of the grievance. Absent is evidence of the existence of a tripartite panel of arbitrators.

Accordingly, we

ORDER

AND Now, this 31st day of May, 1978, the order of the Court of Common Pleas of Lackawanna County is affirmed.