Commonwealth of Pennsylvania, Petitioner *v.* Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, and its Executive Director, Gerald W. McEntee, Respondents.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Debra K. Wallet,* Assistant Attorney General, with her *John D. Raup,* Assistant Attorney General, for petitioner.

*Johnathan Walters,* with him *Theodore M. Lieverman, Kirschner, Walters & Willig,* for respondents.

OPINION BY JUDGE MENCER, November 20, 1980:

The Commonwealth of Pennsylvania appeals from a decision of an arbitrator which sustained a grievance filed by Council 13, American Federation of State, County and Municipal Employees (AFSCME) on behalf of one of its members, Charles Berkheimer (Berkheimer). We reverse.

The facts are not disputed. Berkheimer, a corrections officer at the Huntingdon State Correctional Institution, was acquitted of criminal charges brought by the Commonwealth, relating to his employment. After the acquittal, AFSCME, on behalf of Berkheimer, requested the Attorney General to reimburse Berkheimer for legal fees spent in defending the charges. The Attorney General denied the request, prompting AFSCME to file a grievance with the Commonwealth, alleging a violation of Article 37, Section 20 of the collective bargaining agreement. When the grievance process failed to resolve the dispute, AFSCME requested binding arbitration. The arbitrator, after hearing, determined that the Commonwealth had violated the agreement and ordered the Commonwealth to reimburse Berkheimer for reasonable attorney's fees. This appeal followed.

Article 37, Section 20 of the collective bargaining agreement provides that "[t]he Employer shall provide liability coverage and legal defense as detailed in Title 4, Pa. Code, Chapter 39 and Management Directives [MD] 205.6 and 630.2." Under Section 39.1 (a) of the Code, *"where it is determined by the Attor-*

*ney General* . . . that there is no basis for the prosecution . . . , the Commonwealth will reimburse the employe for reasonable attorneys fees. . . .'' (Emphasis added.) Section 39.1(b) provides that, if there is a basis for the prosecution, the Attorney General ''may nevertheless *in his discretion* authorize reimbursement of reasonable attorneys fees if the employe's defense is successful.''[1] MD 205.6 establishes the procedure whereby an employee may obtain reimbursement:

> [A]n employe must report immediately to his or her agency that he or she has been charged with a crime. The agency, upon receipt of such notification, must report to the Attorney General all of the circumstances known to the agency concerning the prosecution. Based upon such information and any independent investigation he may direct, the *Attorney General will decide whether or not and in what amounts reimbursement* or advancement of attorneys' fees *are warranted.* (Emphasis added.)[2]

---

[1] Section 39.1 reads in full as follows:

§39.1. Criminal cases.

(a) The Commonwealth will not provide an attorney to defend a present or former official or employe in a criminal case arising from acts or omissions occurring while in the service of the Commonwealth. However, where it is determined by the Attorney General or his designee that there is no basis for the prosecution as a matter of law or fact, the Commonwealth will reimburse the employe for reasonable attorneys fees and to that end will make any required advance of such fees, limited, however, by the balance in the retirement account of the employe.

(b) In cases where the Attorney General or his designee does not determine that there is no basis for the prosecution in law or fact, he may nevertheless in his discretion authorize the reimbursement of reasonable attorneys fees if the employe's defense is successful.

[2] MD 630.2 delineates the reimbursement procedure for those employees charged in civil cases and is not relevant here.

The arbitrator, recognizing that "[n]o criteria are established for the discretionary action on the part of the Attorney General," nevertheless proceeded to erect criteria in the instant case by concluding: "I believe the proper interpretation of that portion of the Code *requires* that if a defense is successful, the *discretion of the Attorney General should be exercised, even if there is a basis in fact for the prosecution*, in favor of the payment of reasonable attorney's fees." (Emphasis added.) The arbitrator supported his conclusion on policy grounds:

> To hold otherwise would permit the Commonwealth to engage in the luxury of only paying those claims of favored employees as opposed to non-favored employees. While no evidence was presented to me to substantiate a claim of this nature, I believe that it is in the *best interest of the parties to prevent* this type of matter from *arising in the future*. (Emphasis added.)

The Commonwealth argues that this interpretation "flies in the face of any rational interpretation of the collective bargaining agreement." *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1133 (3rd Cir. 1969), and that the interpretation, therefore, does not draw its essence from the agreement. *County of Allegheny v. Allegheny County Prison Employees Independent Union*, 476 Pa. 27, 381 A.2d 849 (1977); *Community College of Beaver County v. Society of Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). We agree.

The arbitrator's interpretation that a successful defense *requires* reimbursement, even if there is a basis for the prosecution, is wholly contrary to the express language of the agreement, which specifically grants to the Attorney General the *discretion* to authorize reimbursement if a defense is successful. MD 205.6 clearly posits this discretionary power solely in the Attorney General. Thus, the arbitrator, by at-

tempting to impose his own restrictions upon the discretion granted to the Attorney General, has added a provision to the agreement, for which the parties clearly did not bargain and which cannot in any rational way be derived from the agreement. This action by the arbitrator not only fails the "essence test," *see, e.g., Dale v. Leechburg Area School District,* 42 Pa. Commonwealth Ct. 339, 401 A.2d 582 (1979), but also is in violation of Article 34 of the agreement, which provides that the "arbitrator shall neither add to, subtract from, nor modify the provisions of this Agreement."

Moreover, by attempting to inject into the agreement an interpretation that is in "the best interest of the parties," the arbitrator has unlawfully exceeded the scope of his powers by attempting to impose "his own brand of industrial justice," *Detroit Coil Co. v. International Association of Machinists Lodge 82,* 594 F.2d 575, 581 (6th Cir.), *cert. denied,* 444 U.S. 840 (1979), "consonant with his own notions of fairness," *Dale v. Leechburg Area School District, supra,* 42 Pa. Commonwealth Ct. at 344, 401 A.2d at 585. The action of the arbitrator in this case, like the action of the arbitrator in *County of Allegheny, supra,* went beyond mere interpretation of the agreement. Rather, "[t]he able arbitrator . . . was not so much interpreting the contract before him as he was declaring, no doubt out of his conviction of what was fair and reasonable, that the [Commonwealth] should be bound by a non-existent provision which the arbitrator then incorporates into the contract by implication." 476 Pa. at 38, 381 A.2d at 855.

Accordingly, we enter the following

ORDER

AND Now, this 20th day of November, 1980, the decision of the arbitrator in the above captioned case,

issued on or about December 5, 1979, sustaining the grievance of Charles Berkheimer, is hereby reversed.