Aliquippa Education Association and Dolores B. Vrabel, Appellants *v.* School District of the Borough of Aliquippa, Appellee.

Argued October 8, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and CRAIG, sitting as a panel of three.

*Daniel R. Delaney, Delaney and Evans,* for appellants.

*John A. Havey, Havey, Neff and Salopek,* for appellee.

Opinion by Judge Craig, December 8, 1981:

Aliquippa Education Association (association) and Dolores B. Vrabel, a tenured teacher in the Borough of Aliquippa School District (district) and a member of the bargaining unit represented by the association, appeal from an order of the Court of Common Pleas of Beaver County which reversed an arbitrator's decision favorable to Vrabel.

On September 11, 1979, the association filed a contract grievance against the district on behalf of Vrabel, alleging that the district violated the statutory savings clause of the collective bargaining agreement by failing to grant Vrabel a sabbatical leave for the second semester of the 1979-80 school year and the first semester of the 1980-81 school year. Following an arbitration hearing before Arbitrator Patrick J. Basial, the arbitrator found the grievance to be arbitrable and issued an opinion and award which sustained the grievance.

Upon appeal, the common pleas court rejected the award because it found the dispute not to be substantively arbitrable; the labor contract between the parties was devoid of any specific reference to sabbatical leaves. Hence the common pleas court decided that the arbitrator exceeded his power by interpreting the agreement's definition of grievance[1] together with its statutory savings clause[2] so as to conclude that the parties intended, by reference, to incorporate into their agreement rights granted as to sabbatical leaves to professional employees under the Public School Code of 1949[3] (School Code). We cannot agree with the common pleas court.

Where an arbitrator's interpretation of a collective bargaining agreement can be in any way rationally derived from that agreement, the arbitrator's decision

---

[1] Article III

B. *Grievance* shall be a claim that there has been a violation, misinterpretation, or inequitable application of any of the provisions of the agreement.

[2] Article IV

A. *Statutory Savings Clause*

Nothing contained herein shall be construed to deny or restrict to any professional employe such rights as he may have under the Public School Code of 1949 as amended or the Public Employe Relations Act, Act 195, or other applicable laws of the Commonwealth of Pennsylvania. Present Board policies and regulations that are not contained in this agreement shall remain in effect unless and until duly changed at a regular meeting of the Board. The rights granted to professional employes herein shall be deemed to be in addition to those mentioned above. Wherever the laws of Pennsylvania provide a procedure such as in regard to discharge of a professional employe, the procedure provided by such law shall be followed and will be exclusive.

[3] The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101. The collective bargaining agreement between the parties does not specifically mention sabbatical leaves. However, professional employees are entitled to such leaves under Section 1166 of the Public School Code, 24 P.S. §11-1166.

draws its essence from the agreement and shall not be disturbed by a reviewing court. *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission*, 17 Pa. Commonwealth Ct. 238, 331 A.2d 588 (1975). A reviewing court may disturb the award only where there is a manifest disregard of the agreement, completely unsupported by principles of contract construction. *County of Lackawanna v. Service Employees' International Union*, 35 Pa. Commonwealth Ct. 531, 387 A.2d 161 (1978).

In the absence of express provision to the contrary, an arbitrator properly exercises his discretion by basing his conclusion on the implications of the agreement. *Leechberg Area School District v. Dale*,       Pa.      , 424 A.2d 1309 (1981). *American Federation of State, County and Municipal Employees v. Hollidaysburg Area School District*, 60 Pa. Commonwealth Ct. 617, 432 A.2d 304 (1981).

Here the issue depends upon the effect to be given the collective bargaining agreement's statutory savings clause. The common pleas court interpreted the third sentence of the statutory savings clause to indicate that the parties intended to keep rights granted by the agreement separate from rights granted by the School Code; although that interpretation is reasonable, it is no more reasonable than that adopted by the arbitrator, that such language was intended to incorporate statutory rights not specifically enumerated in the agreement.

Consequently, we are convinced that the common pleas court erred by not deferring to the arbitrator's interpretation of the agreement. *See In Re Appeal of Chester Upland School District*, 55 Pa. Commonwealth Ct. 102, 423 A.2d 437 (1980), affirming an arbitrator's award predicated upon the arbitrator's interpretation of a similar statutory savings clause so as to embrace existing nonstatutory rights not specifically enumerated in a collective bargaining agreement.

The submission to arbitration of public employee grievances arising out of the interpretation of provisions of a collective bargaining agreement is favored in Pennsylvania. *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1979). That policy would hardly be advanced if we were to accept the district's contention that the availability of an action in mandamus constitutes a procedure provided by Pennsylvania law which should preclude this matter from arbitration.

Accordingly, we reverse the decision of the common pleas court.

### ORDER

Now, December 8, 1981, the order of the Common Pleas Court of Beaver County dated January 9, 1981, is reversed and the award of the arbitrator is reinstated.

President Judge CRUMLISH dissents.