In the Matter of Arbitration Between the County of Erie and American Federation of State, County and Municipal Employees, District 85, on Behalf of Local Union No. 26666. County of Erie, Appellant.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Roger H. Taft,* Deputy County Solicitor, for appellant.

*Lee W. Jackson,* with him *Richard Kirschner* and *Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellee.

OPINION BY JUDGE BLATT, February 10, 1983:

Before us is the appeal of the County of Erie (County) from an order of the Court of Common Pleas of Erie County which affirmed an arbitrator's award in favor of certain deputy sheriffs who are members of Local 26666 of the American Federation of State, County and Municipal Employees, District 85 (Union).

The County and the Union were parties to a collective bargaining agreement (Agreement) which was in effect from January 1, 1978 to December 31, 1980 and which included deputy sheriffs, but which had no provision whatever regarding flat rate reimbursement for deputy sheriffs for the use of their personal vehicles on county business. Prior to the effective beginning date of the agreement, however, deputy sheriffs were paid a monthly flat rate of $215.00 as reimbursement and when a grievance was filed by a deputy sheriff, this flat rate was increased to $265.00 on March 17, 1978. On March 27, 1978, the County, then operating under a new Home Rule Charter which vested administrative power in a county executive, determined that deputy sheriffs would receive a mileage reimbursement,[1] effective February 1, 1979, in accordance with the language of Article XXIX, Section 29.2 of the Agreement, which in pertinent part provides:

> Employees who are authorized to use their personal automobile for official County business shall be reimbursed at the rate of fifteen cents ($.15) per mile. The present form used to verify mileage expenses shall continue.

On February 2, 1979, the Union filed a grievance claim charging that this March 27, 1978 ruling violated the Agreement, and, after a hearing, an arbitrator sustained the Union's grievance. The arbitrator held that Section 29.2 of the Agreement was ambiguous as to deputy sheriffs and that there had been a past practice in effect, after the effective date of the Agreement between the parties, which provided flat rate reimbursements for them. The court of common pleas affirmed the award, noting that it was bound by the arbitrator's contract interpretation even if he had

---

[1] Additionally the deputy sheriffs were given a $200.00 per year depreciation allowance.

failed to perceive the issue involved properly or had erroneously resolved it. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981).

Our extremely narrow scope of review in this matter is limited to a determination of "whether or not the arbitrator, in relying on the past practices of the parties ... failed to draw his award from the essence of the contract." *Northwest Tri-County Intermediate Unit No. 5 Education Association v. Northwest Tri-County Intermediate Unit No. 5*, 61 Pa. Commonwealth Ct. 191, 195, 432 A.2d 1152, 1154 (1981) (citing *Leechburg*).

The County argues that the arbitrator's award was not rationally derived from the essence of the Agreement because the Agreement contains no provision for maintenance of past practices and also explicitly forbids the arbitrator from modifying or adding to the provisions of the Agreement. To support this proposition, the County relies on Article XXXI, Section 31.1 of the Agreement which provides:

> The arbitrator shall have no power or authority to add to, subtract from, or modify the provisions of this agreement in arriving at a decision solely to the application and interpretation of this agreement. The decision and award of the arbitrator shall be final and binding, with the provision that any decision of the arbitrator(s) requiring legislation will only be effective if such legislation is enacted.

The Union, on the other hand, argues that Section 29.2 of the Agreement was ambiguous[2] and that the arbitrator therefore properly relied on the past practice between the parties.

---

[2] Specifically, as to deputy sheriffs who had received flat rate reimbursements before and after the effective date of the Agreement.

Both sides cite *Allegheny County v. Allegheny County Prison Employees Independent Union*, 476 Pa. 27, 381 A.2d 849 (1977), wherein our Supreme Court held that an arbitrator improperly considered an employer's past practice because the collective bargaining agreement included a broad integration clause and because the past practices considered antedated the effective date of the agreement.

The instant matter, however, involves a situation where the past practice considered by the arbitrator occurred *after* the effective date of the Agreement.[3] In *Northwest Tri-County*, 61 Pa. Commonwealth Ct. at 196-97, 432 A.2d at 1155, this very issue was before us, and we stated:

> The past practice considered by the arbitrator in the present case, we believe, clearly falls within the Supreme Court's exception to its general rule [in County of Allegheny], for *the past practices relied upon by the arbitrator occurred after the effective date of the bargaining agreement. The arbitrator was therefore correct in considering the parties' past practice during strikes as an aid in interpreting their contract.* The Supreme Court recognized the admissibility of such evidence of past practices when it stated in County of Allegheny v. Allegheny County Prison Employees Independent Union, supra at 39, 381 A.2d at 855:
>
> Nor do we intend to say that an arbitrator's reliance on past practices to clarify ambiguous language in the collective bargaining agreement, to implement general contract language *or to show that a specific provision in the contract has been waived by the parties*, would be

---

[3] The County argues that there is language in the Agreement (Section 31.1) which is the equivalent of an integration clause.

improper although the agreement in question included an integration clause. (Emphasis added.)

We believe, therefore, that the County's argument as to past practices here must fail.

The County argues next that the arbitrator's award should be vacated because the flat rate reimbursement system is illegal and is in conflict with Section 414 of The County Code,[4] and Section 1 of the Act of July 20 (Act 51), 1979, P.L. 156, *as amended*, 65 P.S. §371. We note, however, that courts may supersede collective bargaining agreements when there is a statutory conflict "only where the applicable statutory provisions are 'explicitly and definitively' in conflict." *American Federation of State, County and Municipal Employees v. Commonwealth of Pennsylvania*, 53 Pa. Commonwealth Ct. 415, 418, 417 A.2d 1315, 1317 (1980) (higher mileage reimbursement not in conflict with Act 51);[5] *see also Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975); *County of Dauphin v. Pennsylvania Social Service Union*, 33 Pa. Commonwealth Ct. 462, 382 A.2d 999 (1978) (higher mileage reimbursement rate not explicitly and definitively in conflict with Section 414 of the County Code). We have examined Section 414 of the County Code as well as Act 51, and

---

[4] Act of August 9, 1955, P.L. 323, *as amended*, added by Section 1 of the Act of May 31, 1974, P.L. 308, 16 P.S. §414.

[5] In *American Federation of State, County and Municipal Employees*, 53 Pa. Commonwealth Ct. at 418 n. 4, 417 A.2d at 1317 n. 4, an example of a statute which would explicitly and definitively conflict with a contrary collective bargaining agreement, was given:

Pension rights of State employes shall be determined solely by this part of any amendment thereto, and no collective bargaining agreement between the Commonwealth and its employees shall be construed to change any of the provisions herein.

we find nothing in either of these statutory provisions which would "explicitly and definitively" prohibit the County in the case at hand from making an agreement for mileage reimbursement at a higher rate. *American Federation of State, County and Municipal Employees; Pennsylvania Social Service Union.*

We will, therefore, affirm the order of the court of common pleas which upheld the award of the arbitrator.

### ORDER

AND, Now, this 10th day of February, 1983, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.