Central Susquehanna Intermediate Unit Education Association, Appellant *v.* Central Susquehanna Intermediate Unit No. 16, Appellee.

Argued January 31, 1983, before Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for appellant.

*O. William Vanderlin, McNerney, Page, Vanderlin & Hall,* for appellee.

OPINION BY JUDGE MACPHAIL, May 10, 1983.

Central Susquehanna Intermediate Unit Education Association (Association) has brought this appeal from an order of the Court of Common Pleas of Northumberland County vacating an arbitrator's award and dismissing the Association's grievance. We reverse and reinstate the arbitrator's award.

Michael Thew, a professional employee member of the Association and a special education teacher, sought pre-approval of credit reimbursement from his employer, Central Susquehanna Intermediate Unit #16 (CSIU). Under the collective bargaining agreement entered into between the Association and CSIU, a professional employee was entitled to reimbursement for up to fifteen credit hours per fiscal year "for pre-approved courses only." The contract did not provide any stated criteria for pre-approval. Thew sought reimbursement for a course entitled "School Law and Finance." CSIU refused to approve his request, indicating that the course was not within Thew's field of work. A grievance was filed which ultimately proceeded to arbitration.

The arbitrator determined that the past practice of CSIU, both under the present contract and prior

contracts, was to pre-approve "Education" courses and to disapprove only those courses outside the field of Education. He also found that the "School Law and Finance" course had been consistently pre-approved for eight other employees over some four years without rejection. In answer to CSIU's contention that these eight approvals were for persons considered supervisory material and that the course was suitable for a supervisor, the arbitrator found that at least two of the persons were not being considered for supervisory positions. The arbitrator also considered this contention to be in conflict with CSIU's argument that pre-approval would be given for courses within an employee's current field of work. The arbitrator thus sustained the grievance.

CSIU filed an appeal to the Court of Common Pleas. The court determined that the absence of criteria for pre-approval in the contract gave CSIU absolute discretion to grant pre-approval and that the arbitrator's action in ordering approval improperly added to the contract. Furthermore, the court determined that the arbitrator's use of past practices was improper duc to the existence of an integration clause.

Our Supreme Court has consistently reminded us of the very narrow scope of review given to the judiciary over arbitration awards. The arbitrator's decision may not be overturned so long as it draws its "essence" from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 517, 424 A.2d 1309, 1312 (1981). So long as the subject matter of the dispute is encompassed within the agreement, the validity of the arbitrator's interpretation is not a proper subject for review. *Id.*

In this case, the question presented to the arbitrator was whether the grievant was properly denied

pre-approval for the course "School Law and Finance." While the contract is silent on the criteria for pre-approval. such silence does not necessarily mandate the common pleas court's interpretation of the contract placing pre-approval within the unfettered discretion of the employer. *See Port Authority of Allegheny County v. Amalgamated Transit Union Division 85,* 492 Pa. 494, 424 A.2d 1299 (1981); *Scranton Federation of Teachers v. Scranton School District,* 66 Pa. Commonwealth Ct. 466, 445 A.2d 260 (1982); *In re: Appeal of Rose Tree Media School District,* 65 Pa. Commonwealth Ct. 148, 442 A.2d 23 (1982).[1] Although this interpretation by the common pleas court is a reasonable one, it is no more reasonable than the arbitrator's interpretation that "pre-approval" was to be given to "Education" courses. Thus, under the limited scope of review of the "essence" test, the common pleas court erred in substituting its interpretation for that of the arbitrator. *See Aliquippa Education Association v. School District of the Borough of Aliquippa,* 63 Pa. Commonwealth Ct. 91, 94, 437 A.2d 1039, 1040 (1981). "The fact that this arbitrator in analyzing this dispute may have . . . erroneously resolved it, does not provide justification for judicial interference." *Leechburg,* 422 Pa. at 521, 424 A.2d at 1313.

---

[1] The case of *Commonwealth v. Council 13, AFSCME,* 54 Pa. Commonwealth Ct. 614, 422 A.2d 735 (1980) is distinguishable from this case. We there held that an arbitrator's decision requiring the Commonwealth to reimburse an employee's legal costs upon the employee's acquittal of criminal charges did not draw its essence from an agreement which specifically gave the Attorney General the discretion to authorize reimbursement of legal fees, in cases where there is a basis for prosecution, if the employee's defense is successful. In the agreement before us now, there is no provision expressly granting discretion to CSIU and the arbitrator did not by his decision mandate payment for any course, but rather only for a course in "Education" which the employer always had approved previously.

The common pleas court, in holding that the arbitrator's use of past practices in this case was improper, relied upon the case of *Allegheny County v. Allegheny Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977). However, we believe that case is inapposite to the matter before us. In *Allegheny County,* our Supreme Court held that

> where a collective bargaining agreement not only makes no mention whatever of past practices but does include a broad integration clause, an award which incorporates into the agreement, as *separately enforceable conditions* of the employment relationship, past practices which antedate the effective date of that agreement cannot be said [to meet the essence test]. (Emphasis added.)

*Id.* at 38, 381 A.2d at 854. In this case, the arbitrator did not attempt to enforce a non-existent provision based on past practices; rather, the arbitrator used past practices, both before and after the effective date of the present contract, to give meaning to and define the scope of the contract provision granting reimbursement for pre-approved courses, where the pre-approval provision had remained essentially unchanged from prior contracts. Again, we quote from Justice POMEROY's opinion in *Allegheny County:*

> What we have said, of course, is not to suggest that in another case the evidence may not justify a contrary conclusion. Nor do we intend to say that an arbitrator's reliance on past practices to clarify ambiguous language in the collective bargaining agreement, to implement general contract language or to show that a specific provision in the contract has been waived by the parties, would be improper al-

though the agreement in question included an integration clause.

*Id.* at 39, 381 A.2d at 855. *See County of Erie Appeal*, Pa. Commonwealth Ct. , 455 A.2d 779 (1983). The arbitrator's use of past practices to implement the general provision of pre-approval therefore was proper in this case.

ORDER

The order of the Court of Common Pleas of Northumberland County, No. CV-81-1738, dated September 18, 1981, is hereby reversed and the award of the arbitrator is reinstated.