535 A.2d 759

Crestwood Education Association and Frank J. Reatini, Appellants *v.* Crestwood School District, Appellee.

Submitted on briefs November 16, 1987, to Judges MACPHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*A. Martin Herring, Herring and Donahue,* for appellants.

*Joseph B. Farrell,* for appellee.

OPINION BY JUDGE MACPHAIL, January 15, 1988:

Crestwood Education Association and Frank J. Reatini (Appellants) have appealed from an order of the Court of Common Pleas of Luzerne County which reversed an arbitrator's award granting Appellants' two grievances. We reverse.

Appellants initially filed two grievances on behalf of Frank Reatini because he was not appointed to either of two open coaching positions with the Crestwood School District (school district). Appellants alleged that by not appointing Frank Reatini to either position the school district was violating Article XII, Section 1(c)[1] of the parties' Collective Bargaining Agreement (CBA) in that Mr. Reatini was better qualified than the individuals appointed to those positions. Appellants further alleged that even if Mr. Reatini's qualifications were merely

---

[1] Article XII, Section 1(c) of the Collective Bargaining Agreement provides "[t]he position shall be filled based on the qualifications of the applicants. In the event the applicants' qualifications are equal, in the opinion of the Board, then seniority will be the prevailing factor." *See* Reproduced Record (R.R.) at 12a.

equal to those of the appointed coaches, he, nonetheless, should have been appointed to the position because he had greater seniority.

After hearing from the parties, the arbitrator determined that the school district had impermissibly ignored Basic Education Memorandum 19 (Memo 19)[2] by hiring two non-certificated individuals to fill the coaching positions rather than hire Mr. Reatini, a certified teacher with the school district.

On appeal, the common pleas court reversed the arbitrator's award concluding that the award did not draw its essence from the CBA because the arbitrator had reached his decision by interpreting Memo 19 rather than by interpreting the CBA.

Appellants argue here that although the arbitrator considered Memo 19 in reaching his decision, the award, nonetheless, was based on a reasonable interpretation of the CBA and therefore should be reinstated.

We note that in a case such as this where the arbitrator is required to interpret a CBA and determine the parties' intent, the arbitrator's award is considered to be based on the resolution of a factual question and must be upheld by the court if it draws its essence from the CBA. *Upper Merion Area School District v. Upper Merion Education Ass'n,* 85 Pa. Commonwealth Ct. 115, 482 A.2d 274 (1984).

---

[2] Basic Education Memorandum 19 deals specifically with the hiring of athletic coaches and provides in relevant part as follows:

> School administrators are advised that part-time coaches without certification should only be hired when there is no qualified applicant available from the certificated staff of the district or in an adjacent district or intermediate unit. Employed certificated staff within the district must be given first priority in the hiring of athletic coaches.

*See* R.R. at 21a.

We have stated that "[w]here an arbitrator's interpretation of a collective bargaining agreement can be in any way rationally derived from that agreement, the arbitrator's decision draws its essence from the agreement and shall not be disturbed by a reviewing court." *Aliquippa Education Ass'n v. School District of the Borough of Aliquippa,* 63 Pa. Commonwealth Ct. 91, 93-94, 437 A.2d 1039, 1040 (1981). Further, "a collective bargaining agreement may encompass more than what has been reduced to writing," *Ass'n of Pennsylvania State College And University Faculties v. Commonwealth,* 496 Pa. 239, 243, 436 A.2d 987, 988 (1981), and an arbitrator is free to look to many sources for guidance. *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593 (1960). In *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581-582 (1960), the United States Supreme Court said "[t]he labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practice of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it."

In the present case the CBA did not expressly incorporate Memo 19 or even mention it. The arbitrator, however, determined that school district officials were not free to arbitrarily disregard it unless good cause was shown, and none was shown here. It appears then that the arbitrator determined that Memo 19 fell within the provisions of the CBA.

After reviewing the record, we cannot say the arbitrator's determination was unreasonable. The CBA does contain provisions which govern the hiring of employees and we believe it was both permissible and reasonable for the arbitrator to look to Memo 19 for guidance in interpreting those hiring provisions. Further, there is nothing in the CBA which conflicts with the provisions

of Memo 19 as they relate to the hiring of certificated staff.

Accordingly, we believe the arbitrator's award was derived from a rational interpretation of the CBA and must be upheld.

ORDER

The order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed and the arbitrator's award is reinstated.