Samuel R. Wagner and Kenn J. Connelly, Petitioners *v.* West Perry School District, Respondent.

Argued April 30, 1984, before Judges ROGERS, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Betty F. Perry, Killian & Gephart,* for petitioners.

*Jeffrey W. Davis,* with him, *Thomas A. Beckley, Beckley & Madden,* for respondent.

OPINION BY JUDGE BARBIERI, September 10, 1984:

Samuel R. Wagner and Kenn J. Connelly (Petitioners) appeal here from an order of the Secretary of the Department of Education (Secretary) sustaining a decision of the Board of School Directors (Board) of the West Perry School District (District) which found, *inter alia,* that Petitioners had not been demoted within the intendment of Section 1151 of the Public School Code of 1949 (Code),[1] when the District discontinued a summer Future Farmers of America Program and a summer Young Farmers Program. We affirm.

During the 1981-82 school year Petitioners were employed as District Vocational Agricultural teachers pursuant to written contracts which specified that they would teach for 184 days. Each was also informed by the District at the beginning of the 1981-82 school year, as they had been informed during previous school years, that they would work an additional thirty-seven days during the summer for the Future Farmers of America Program and the Young Farmers Program. Under the terms of a collective bargaining agreement then in effect between the District and its professional employees, Petitioners were entitled to be paid for each of these additional days of work on a per diem basis equal to the rate of pay they would receive

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151.

in the course of the regular school year, and since each elected to receive their annual pay in installments spread out over a twelve-month period, each received paychecks during the 1981-82 school year based on an annual rate of pay which included the thirty-seven days of summer pay. Thereafter, in May of 1982, the Board decided for budgetary reasons, to eliminate or curtail District sponsorship of several programs, including the Young Farmers Program and Future Farmers of America Program. As a result of these decisions, the Board informed Mr. Wagner in a memo dated May 28, 1982 that his services would no longer be required for the summer programs, and in a memo of the same date, Mr. Connelly was informed that he would only be working seven days during the summer. Mr. Connelly was subsequently, however, only permitted to work three days, and as a result of the District's actions Mr. Wagner's earnings were reduced by $3,903.46, and Mr. Connelly's earnings were reduced by $2,266.44.

Upon receiving the aforementioned notification from the District, Petitioners filed a grievance alleging that they had been improperly demoted. The Board refused to arbitrate the matter, however, alleging that its actions did not constitute a demotion wihin the intendment of Section 1151 of the Code. Petitioners then requested a hearing on the question of whether the Board's actions constituted a demotion. The Board initially agreed to conduct such a hearing, but subsequently failed to do so. Petitioners then appealed to the Secretary who issued an order directing the District to conduct a hearing. Following the hearing the Board found, based on substantial evidence of record, that neither the Young Farmers Program nor the Future Farmers of America Program were required or mandatory programs, that the discontinu-

ance of these programs did not require prior approval by the Department of Education, and that the instructors of these programs did not have to be certified teachers. The Board then concluded, citing our decision in *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association*, 57 Pa. Commonwealth Ct. 195, 426 A.2d 1203 (1981), *appeal dismissed*, 497 Pa. 586, 442 A.2d 692 (1982), that Petitioners, while acting in their capacity as instructors to these programs were not professional employees within the intendment of Section 1101(1) of the Code, 24 P.S. §11-1101(1), and hence were not governed by the provisions of Section 1151 of the Code and could be demoted without the benefit of a pre-demotion hearing. On appeal the Secretary affirmed and the present appeal followed.

Section 1151 of the Code provides in pertinent part that

there shall be no demotion of any *professional employe* either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employee. (Emphasis added.)

Hence, we have held that as a general rule if professional employees are demoted without the benefit of a pre-demotion hearing, they are entitled to an award of back-pay for the period of time preceeding their hearing even if it is subsequently determined that the demotion was valid. *Lomas v. Board of School Directors of Northwestern Lehigh School District*, 66 Pa. Commonwealth Ct. 421, 444 A.2d 1319 (1982). In

*Greater Johnstown,* however, we concluded that professional employees who agree to perform supplemental or extra-curricular activities are not "professional employees" within the intendment of Section 1101(1) of the Code while performing these activities, and hence do not enjoy the numerous benefits conferred upon professional employees in the Code. Hence, in the present case, even though Petitioners were professional employees while performing their teaching functions, they were not professional employees while performing supplemental duties and therefore were not entitled to the protections afforded by Section 1151. We shall therefore affirm.

ORDER

Now, September 10, 1984, the order of the Secretary of the Department of Education in the above-captioned matter, dated June 6, 1983, is affirmed.