Wilson Area Education Association and Huldah K. Anderson, Appellants *v.* Wilson Area School District, Appellee.

Wilson Area School District, Appellant *v.* Wilson Area Education Association and Huldah K. Anderson, Appellees.

Argued April 11, 1985, before Judges MacPhail and Barry and Senior Judge Barbieri, sitting as a panel of three.

*A. Martin Herring,* for appellants/appellees, Wilson Area Education Association and Huldah K. Anderson.

*Charles N. Sweet,* with him, *Paul L. Stevens, Curtin and Heefner,* for appellee/appellant, Wilson Area School District.

OPINION BY JUDGE MACPHAIL, June 18, 1985 :

This matter is presently before us on cross appeals by the Wilson Area Education Association (WAEA)[1] and Wilson Area School District (Wilson)[2] from an order of the Court of Common Pleas of Northampton County vacating an arbitration award. The arbitrator had determined that under the collective bargaining agreement between Wilson and the WAEA Huldah Anderson (Anderson), a professional employee of Wilson, was entitled to a hearing before an arbitrator to determine whether she was dismissed in accordance with Sections 1121-1132 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1121—11-1132.

Our scope of review in this matter is limited. We must determine "whether the arbitrator's award draws its essence from the collective bargaining agreement." *In the Matter of Petition of Wellsboro Area School District,* 78 Pa. Commonwealth Ct. 467, 467 A.2d 1197 (1983).

The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's inter-

[1] Huldah Anderson, a former employee of the Wilson Area School District, joins in the appeal of the Wilson Area Education Association.

[2] Wilson Area School District specifically appeals that part of the common pleas court opinion which stated that Anderson was not precluded from filing an appeal to the Secretary of Education within thirty days of the Court's order.

pretation is not a matter of concern for the court.

*Leechburg Area School District v. Dale,* 492 Pa. 515, 520-21, 424 A.2d 1309, 1312-13 (1981). The arbitrator must decide, in the first instance, the scope of the grievance arbitration procedure provided by the collective bargaining agreement. *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978). The arbitrator must determine the intention of the parties as expressed in the agreement. This is a question of fact, the resolution of which "is to be respected by the Judiciary if 'the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. . . .' " *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977) (quoting *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969)).

At issue in the instant case was Anderson's dismissal from her position. Anderson was notified in July, 1982, of dismissal charges against her pursuant to Sections 1121-1132 of the Code. The Wilson School Board (Board) held several hearings on these charges, culminating in a decision on September 3, 1982, to dismiss Anderson. When she was notified of the dismissal, Anderson filed a grievance on September 27, 1982, instead of appealing to the Secretary of Education as provided by Section 1131 of the Code, 24 P.S. §11-1131.

The collective bargaining agreement between Wilson and the WAEA in effect at the time of Anderson's dismissal provided in Article VIII, Job Security and Job Progression, that

The Pennsylvania School Code includes certain job security provisions, certification, and

other regulatory provisions associated with various classes of employees. The parties hereby aver that such provisions of the School Code represent their complete agreement and that said provisions shall govern the manner in which the job security, job progression, and reduction in force practices shall be effected with respect to members of the bargaining unit.

The Agreement further provided, in Article IV, Grievance Procedure, that "[t]he parties agree that grievances which arise out of the interpretation of this agreement, shall be resolved in accordance with the grievance procedure described in Appendix 'A' (p. 6), attached hereto and made part of this Agreement."

The issue before the arbitrator, as stated in his opinion, was whether Anderson had the right to appeal her termination through the grievance procedure, in spite of the hearings which the Board held pursuant to the Code. The arbitrator determined that in light of existing law, Anderson did have the right to select either arbitration or an appeal to the Secretary of Education in appealing her dismissal. He further determined that the agreement did not preclude resort to arbitration so that Anderson was entitled to a hearing before an arbitrator to determine whether she was dismissed in accordance with the Code.

We hold that Article VIII of the Agreement encompasses the issue of dismissal of an employee within the term "job security." The arbitrator has decided that grievance arbitration of a dismissal is within the scope of the grievance arbitration procedure provided by the Agreement, as an expression of the intention of the parties. We believe that this determination is rationally derived from the agreement, and we will not disturb it. *Community College of Beaver County.*

We believe, however, that we must also determine the legality of the arbitrator's decision. The arbitrator may not order the parties to act illegally. *Allegheny County Firefighters, Local 1038 v. Allegheny County*, 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973). If, therefore, the Agreement is contrary to the Code, the Agreement must fall.

The circumstances of the instant case are unusual. As stated above, Anderson was dismissed on September 3, 1982, and filed a grievance on September 27, 1982. On July 1, 1983, *Neshaminy Federation of Teachers v. Neshaminy School District*, 501 Pa. 534, 462 A.2d 629 (1983), was filed. On July 28, 1983, the arbitrator issued his award. Wilson timely appealed the award to the common pleas court, which filed an opinion and order on January 20, 1984. The common pleas court based its decision upon *Neshaminy Federation of Teachers*.[3] The legislature then enacted Section 1133 of the Code, added by Section 4 of the Act of June 29, 1984 (Act), P.L. 438, 24 P.S. §11-1133. Section 10(a) of the Act provides that "Section 4 of this act, insofar as it relates to Section 1133 [of the Code], shall be retroactive to January 1, 1983."

Section 1133 of the Code states that

Nothing contained in sections 1121 through 1132 [of the Code] shall be construed to supersede or preempt a provision of a collective bargaining agreement in effect on July 23, 1970, or on any date subsequent thereto, negotiated by a school entity and an exclusive representative of the employes in accordance with the act of July 23, 1970 (P.L. 563, No. 195), known as the "Public Employe Relations Act," which agreement

---

[3] Arguably, *Neshaminy Federation of Teachers* supported the proposition that the provisions of Sections 1121-1132 of the Code were the sole recourse of a professional employee who had been dismissed by a school district.

provides for the right of the exclusive representative to grieve and arbitrate the validity of a professional employe's termination for just cause or for the causes set forth in section 1122 of this act; however, no agreement shall prohibit the right of a professional employe from exercising his or her rights under the provisions of this act except as herein provided. However, if within ten (10) days after the receipt of the detailed written statement and notice as required by section 1127 [of the Code], the professional employe chooses to exercise his or her right to a hearing, any provision of the collective bargaining agreement relative to the right of the exclusive representative to grieve or arbitrate the termination of such professional employe shall be void. Professional employes shall have the right to file a grievance under the collective bargaining agreement or request a hearing pursuant to sections 1121 through 1132 [of the Code], but not both. (Footnotes omitted.)

It is clear to us that because Section 1133 of the Code was made retroactive to January 1, 1983, we cannot use *Neshaminy Federation of Teachers* as a basis for finding that the arbitrator's award is improper.

It appears to us that the legislature's action in adopting Section 1133 of the Code was a direct response to the decision of our Supreme Court in *Neshaminy Federation of Teachers*. It further appears that by explicitly providing that the new statutory enactment was made retroactive to January 1, 1983, thus pre-dating *Neshaminy Federation of Teachers,* it was also the intent of the legislature to emasculate that decision in its entirety, at least to the extent that the decision is inconsistent with the statute.

We must also conclude, however, that since the provisions of Section 1133 are only retroactive to January 1, 1983 and Anderson's grievance arose in 1982, the provisions of Section 1133 are not applicable to the case *sub judice* either.

Thus faced with what appears to us to be a one time only case which is controlled neither by a subsequent decision by our Supreme Court nor subsequent legislative action, we decide to follow the reasoning of this Court in *West Middlesex Area School District v. Pennsylvania Labor Relations Board,* 55 Pa. Commonwealth Ct. 404, 423 A.2d 781 (1980),[4] in reaching our decision that at the time Anderson filed her grievance such procedure was legal in that the Code was not the exclusive remedy for redressing a personnel action.[5] We are not convinced by Wilson's argument that Anderson elected to pursue the statutory remedy and may not now seek grievance arbitration.

This Court stated in *West Middlesex Area School District,* 55 Pa. Commonwealth Ct. at 408, 423 A.2d at 783, that "[a]n election of remedies includes the deliberate and knowing resort to one of two inconsistent paths to relief." The record does not show that Anderson requested a Board hearing; nor is there the suggestion that this hearing, mandated by Section 1127 of the Code, 24 P.S. §11-1127, was presumed to replace Anderson's rights under the Agreement. In addition, the dismissal was not effective until after the hearing scheduled by the Board, and Anderson has

---

[4] Although that case involved a personnel action other than a dismissal we find its analysis to be persuasive.

[5] We believe, indeed, that Section 1133 of the Code is consistent with this Court's decision in *West Middlesex Area School District* to the extent that the latter determined that a professional employee of a school district might choose to grieve a dismissal if the collective bargaining agreement so provided, in lieu of following the procedure offered by the Code.

consistently pursued the contractual remedy since the Board decision. *See id.*[6] Under the circumstances of this case we find that the arbitrator's award does not compel the parties to perform an illegal act.

Having found that the arbitrator's award is legal and that the award is derived from the essence of the collective bargaining agreement made by the parties, we reverse the decision of the court of common pleas and reinstate the award.[7]

### ORDER

The order of the Court of Common Pleas of Northampton County dated January 20, 1984, No. 1983-C-6127, is hereby reversed and the award of the arbitrator dated July 28, 1983, is hereby reinstated.

---

[6] We do find that the grievance procedure under the Agreement and the procedure offered by the Code are inconsistent paths to relief in that the Agreement incorporates the reasons for dismissal found in the Code without providing an alternative "good cause" standard. *Compare West Middlesex Area School District* (collective bargaining agreement specified "just cause" standard for dismissal).

[7] Because of our decision reversing the court of common pleas we need not address the propriety of that Court having granted Anderson an additional thirty days in which to appeal to the Secretary of Education.