Diana M. Scotchlas, Petitioner *v.* Board of School Directors of Haverford Township School District, Respondent.

Argued June 6, 1985, before Judges MacPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Thomas P. Hamilton, Jr.,* with him, *Leonard V. Tenaglia, Richard, DiSanti, Hamilton, Gallagher and Paul,* for petitioner.

No appearance for respondent.

*Howard R. Cohen,* for intervening respondent, Haverford Township School District.

OPINION BY JUDGE MACPHAIL, August 13, 1985:

Diana M. Scotchlas (Petitioner) appeals here from an order of the Secretary of Education (Secretary) which dismissed her appeal from a denial of a hearing by the Board of School Directors of the Haverford Township School District (Board).

The record shows that in March, 1983, the Board notified Petitioner that a hearing was scheduled to determine whether she should be dismissed from her position as a professional employee.[1] Petitioner notified the Board that she waived her right to a hearing before the Board and that she would grieve the matter pursuant to the 1982-84 collective bargaining agreement in effect between the Haverford Township School District (School District) and the Haverford Town-

---

[1] Petitioner is a tenured teacher who was charged with lying with regard to the reason for her absence from her job on February 18, 1983.

ship Education Association (Association). The Board held a hearing on April 5, 1983, after which it voted to dismiss Petitioner. Petitioner did not attend the hearing and filed a grievance on April 8, 1983.

On July 1, 1983, after the grievance was assigned to arbitration, our Supreme Court handed down its decision in the *Neshaminy Federation of Teachers v. Neshaminy School District,* 501 Pa. 534, 462 A.2d 629 (1983). Arguably, *Neshaminy* supported the proposition that the provisions of Sections 1121-1132 of the Public School Code of 1949 (Code)[2] were the sole means by which a professional employee could protest a dismissal by a school district. As a result of the *Neshaminy* decision, Petitioner on July 27, 1983, sought a hearing before the Board in which she would participate. The Board, which had refused to participate in the grievance procedure, denied Petitioner's request on the ground that a hearing had already been held which conformed to the provisions of the Code. Petitioner appealed this denial to the Secretary who dismissed the appeal because it was filed more than thirty days after the Board's order dismissing Petitioner.

Shortly before the Secretary entered his order, Section 1133 of the Code[3] was enacted by the Act of June 22, 1984 (Act). Section 1133 of the Code provides that

Nothing contained in sections 1121 through 1132 [of the Code] shall be construed to supersede or preempt a provision of a collective bargaining agreement in effect on July 23, 1970, or

---

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1121-11-1132.

[3] Added by Section 4 of the Act of June 22, 1984, P.L. 438, 24 P.S. §11-1133.

on any date subsequent thereto, negotiated by a school entity and an exclusive representative of the employes in accordance with the act of July 23, 1970 (P.L. 563, No. 195), known as the 'Public Employe Relations Act,' which agreement provides for the right of the exclusive representative to grieve and arbitrate the validity of a professional employe's termination for just cause or for the causes set forth in section 1122 of this act; however, no agreement shall prohibit the right of a professional employe from exercising his or her rights under the provisions of this act except as herein provided. However, if within ten (10) days after the receipt of the detailed written statement and notice as required by Section 1127 [of the Code], the professional employe chooses to exercise his or her right to a hearing, any provision of the collective bargaining agreement relative to the right of the exclusive representative to grieve or arbitrate the termination of such professional employe shall be void. Professional employes shall have the right to file a grievance under the collective bargaining agreement or request a hearing pursuant to section 1121 through 1132 [of the Code], but not both. (Footnotes omitted.)

Section 10(a) of the Act further provided that "Section 4 of this act, insofar as it relates to Section 1133 [of the Code], shall be retroactive to January 1, 1983." In *Wilson Area Education Association v. Wilson Area School District,* 90 Pa. Commonwealth Ct. 151, 494 A.2d 506 (1985), we determined that the effect of this provision for retroactivity was to negate *Neshaminy.* The bargaining agreement in the instant case is one to which Section 1133 of the Code is ap-

plicable. Petitioner's grievance arose after January 1, 1983. We hold, therefore, that the provisions of Section 1133 are applicable to the facts of this case.

In determining the remedy which should be granted to Petitioner under the unique circumstances of this case, we are cognizant of the fact that the Pennsylvania Labor Relations Board has ordered that the School District and the Association arbitrate Petitioner's grievance of her dismissal. 16 Pa. Pub. Employee Rep. §16115 (1985).[4] Because Section 1133 of the Code provides that a professional employe has the right to either a grievance proceeding subsequent to her dismissal *or* a hearing before a school board prior to her dismissal, we find that the grant of arbitration fulfills Petitioner's rights. Petitioner here seeks to be heard in protest of her dismissal and a hearing on that matter has been ordered. For that reason, the Secretary did not err in failing to grant Petitioner a hearing pursuant to Sections 1121-1132 of the Code.[5]

The Secretary's order is affirmed without prejudice to Petitioner's right to proceed in arbitration.

ORDER

The order of the Secretary of Education dated July 18, 1984, Teacher Tenure Appeal No. 18-83, is hereby affirmed without prejudice to the right of Diana M. Scotchlas to proceed in arbitration.

---

[4] The issue of the propriety of the order of the Pennsylvania Labor Relations Board is not presently before us.

[5] Having determined other grounds upon which the Secretary's decision may be affirmed, we will not address the issue of the timeliness of Petitioner's appeal to the Secretary; nor will we decide whether the Secretary properly could have ordered the parties to proceed in arbitration.