504 A.2d 418

Guy Bravo, Petitioner *v.* The Board of Directors of the Wellsboro Area School District, Respondent.

. Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for petitioner.

*Robert F. Cox, Jr.,* with him, *Robert F. Cox, Sr., Cox and Cox,* for respondent.

OPINION BY JUDGE PALLADINO, February 7, 1986:

Guy Bravo (Petitioner) appeals from an order of the Secretary of Education which denied Petitioner's request for backpay and affirmed a decision of the Board of Directors (Board) of the Wellsboro School District (District) demoting Petitioner from full-time

to part-time advisor to the Young Farmers Program. We affirm.

For several years prior to the 1980-1981 school year, Petitioner was employed by the District as full-time advisor to the Young Farmers Program. During the 1980-1981 school year, Petitioner continued to advise the Young Farmers Program on a full-time basis and, in addition, he was assigned to teach courses in welding and small engine repair during the fall semester, and world cultures and a study period during the spring semester. This assignment continued during the 1981-1982 school year.[1]

On June 10, 1982, the Board adopted a resolution which curtailed the Young Farmers Program and demoted Petitioner from his position as full-time advisor to part-time advisor. The resolution also authorized such notices and hearings as might be required by law. On August 10, 1982, Petitioner filed a grievance claiming that his assignment for the 1982-1983 school year violated the Collective Bargaining Agreement between the District and the Wellsboro Area Education Association (Union). The grievance contained no request or demand for a formal Board hearing on the demotion pursuant to Section 1151 of the Public School Code of 1949 (Code).[2]

A series of correspondence was exchanged between the Board and Petitioner's Union representative with respect to holding a hearing before the Board pursuant to the grievance procedure outlined in the Collec-

---

[1] We note that the changes in Petitioner's 1980-1981 and 1981-1982 assignments were the subject of other litigation which culminated in our decision in *Wellsboro Area Education Association Appeal*, 78 Pa. Commonwealth Ct. 467, 467 A.2d 1197 (1983). Because the parties and issues in that case and the case at bar are different, although related, our decision here will have no impact on the earlier case.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1151.

tive Bargaining Agreement. On March 25, 1983 Petitioner's attorney wrote to the solicitor for the District to advise him that one of the issues involved in the grievance was the Board's demotion of Petitioner without holding a demotion hearing.[3] Thereafter, on May 31, 1983, the Board held a hearing pursuant to, and in compliance with, the requirements of Section 1151 of the Code. On August 10, 1983, the Board issued a decision affirming the demotion.

Petitioner appealed the Board's decision to the Secretary of Education who affirmed the Board's decision. Petitioner now appeals to this Court asserting that the Secretary of Education erred in concluding: (1) that Petitioner was not entitled to back-pay from the date of the demotion until the date of the hearing because he had consented to the demotion and thereby waived his right to a hearing pursuant to Section 1151 of the Code; and (2) that Petitioner's demotion as a result of the Board's curtailment of the Young Farmers Program was not arbitrary and capricious, and was, therefore, valid.

We begin by noting that where, as here, the Secretary of Education has taken no additional evidence, this Court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the necessary factual findings of the Board are supported by substantial evidence. *Lomas v. Board of School Directors of Northwestern Lehigh School District,* 66 Pa. Commonwealth Ct. 421, 444 A.2d 1319 (1982). We have determined that an error of law has been committed.

The Secretary of Education and both parties to this case have assumed, without addressing the issue, that Petitioner is a "professional employee" within

---

[3] It was Petitioner's contention that the job security provisions of the Collective Bargaining Agreement incorporated, among other things, Section 1151 of the Code.

the meaning of Section 1101(1) of the Code, 24 P.S. §11-1101(1). This is not the law. In *Wagner v. West Perry School District*, 85 Pa. Commonwealth Ct. 100, 480 A.2d 1336 (1984), we held that school district employees who perform supplemental or extra-curricular activities, specifically instructors of Future Farmers of America and Young Farmers Programs,

> are not 'professional employees' within the intendment of Section 1101(1) of the Code while performing these activities, and hence do not enjoy the numerous benefits conferred upon professional employees in the Code. Hence, in the present case, even though Petitioners were professional employees while performing their teaching functions, they were not professional employees while performing supplemental duties and therefore were not entitled to the protections afforded by Section 1151.

*Id.* at 104, 480 A.2d at 1338.

On the basis of this authority, we must conclude that the District was not obliged to hold a demotion hearing pursuant to Section 1151 of the Code before reducing Petitioner's Young Farmers Program advisory responsibilities from full-time to part-time. *Cf. Lomas.* Therefore, Petitioner is neither entitled to back pay from the effective date of the demotion until the date of the Board hearing, nor is he entitled to a hearing for the purpose of attempting to establish that the Board's action was arbitrary, discriminatory or founded upon improper considerations pursuant to Section 1151 of the Code. *Cf. Sharon City School District v. Hudson*, 34 Pa. Commonwealth Ct. 278, 286, 383 A.2d 249, 253 (1978).[4]

---

[4] We hold only that Petitioner is not entitled to challenge his demotion pursuant to the Code. We do not address the question of Petitioner's rights pursuant to the Collective Bargaining Agreement because that question is not before us.

Because the Secretary of Education reached the same conclusion, although based upon a different rationale, we affirm the Secretary's order which upheld the demotion. We do not address the rationale relied upon by the Secretary, as challenged by Petitioner in his brief, because it is not necessary to our decision.

ORDER

AND Now, February 7, 1986, the order of the Secretary of Education, No. 17-83, dated May 17, 1984, is affirmed.

Judge ROGERS did not participate in the decision in this case.