538 A.2d 81

Wilkes-Barre Area Educational Association, Appellant *v.* Wilkes-Barre Area School District, Appellee.

Argued November 20, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John G. Whelley, Jr.,* with him, *Mark A. Van Loon, Rosenn, Jenkins & Greenwald,* for appellant.

*Robert T. Panowicz,* with him, *Anthony J. Lupas,* for appellee.

OPINION BY JUDGE PALLADINO, February 17, 1988:

Wilkes-Barre Area Education Association (Appellant) appeals an order of the Court of Common Pleas of Luzerne County (trial court), which vacated an arbitration award rendered pursuant to a grievance filed by Appellant against Wilkes-Barre Area School District (Appellee). We reverse and reinstate the award of the arbitrator.

Appellee and Appellant were parties to a collective bargaining agreement dated August 22, 1985.[1] Appellant was the bargaining representative for Appellee's teachers, school nurses, librarians, guidance counselors, and school psychologists. According to the terms of the collective bargaining agreement, two (2) parent-teacher conferences and six (6) faculty meetings were to be held each year. The parent-teacher conferences and faculty

---

[1] Appellant and Appellee were parties to a collective bargaining agreement effective from September 1, 1982 to August 31, 1984. A successor agreement was executed on August 22, 1985 which was retroactively effective according to its terms from September 1, 1984 to August 31, 1989.

meetings were to be considered as part of an employee's normal work day.[2]

During the spring of 1985, various members of Appellant did not attend the parent-teacher conferences as scheduled. As a result, on June 27, 1985, Appellee withheld five hours of pay calculated at the "regular rate of pay."[3] Three hours of the pay were withheld because of the members' failure to attend the parent-teacher conferences.[4] Appellant filed a grievance on September 9, 1985 alleging that Appellee had violated the terms of the collective bargaining agreement by withholding the three hours of pay.

A hearing was held before an arbitrator on March 11, 1986.[5] The arbitrator determined that the parent-

---

[2] Article IX, Section 1 of the collective bargaining agreement provides that the regular school day shall consist of seven (7) hours and twenty-five (25) minutes. Section 9 provides that employees who are required to work beyond their normal work day shall receive time and a half their regular rate if assigned to instructional duties and their regular rate if assigned to duties other than instructional. Section 9 also provides that the parent-teacher conferences and faculty meetings shall be considered part of an employee's normal work day.

[3] Article XII of the collective bargaining agreement provides that the "regular rate of pay" is the hourly rate of an employee calculated by dividing the employee's annual salary by the product of one hundred eighty four (184) days and the hours of a normal work day.

[4] On August 22, 1985, Appellee paid to all of Appellant's members the negotiated retroactive pay increase as provided in the successor collective bargaining agreement. Of this retroactive pay increase, Appellee withheld a sum equal to that amount of the retroactive pay increase attributable to five hours of work. Three hours of the withheld pay were withheld as the result of the failure by members of Appellant to attend the parent-teacher conferences.

[5] Article IV of the collective bargaining agreement provided for the submission of a grievance to binding arbitration if the grievance was not resolved by the parties. In this case, the issue pre-

teacher conferences were part of the teachers' regular work day, that attendance at such conferences was required, and that Appellee had the right to discipline the teachers who failed to attend the conferences. However, the arbitrator concluded that Appellee could not dock the pay of the teachers who did not attend the conferences because such deductions would be from money which the teachers had already earned. In reaching this conclusion, the arbitrator noted that in the past, Appellee had not made salary deductions for unauthorized or willful absences.

Appellee then filed a petition with the trial court requesting that the award of the arbitrator be vacated.[6] By order dated November 3, 1986, the trial court vacated the arbitrator's award and held that the award was not rationally derived from the terms of the collective bargaining agreement. The trial court determined that the failure of teachers to attend the parent-teacher conferences constituted a breach of the collective bargaining agreement and that docking of pay was a permissible means of disciplining those teachers who failed to attend the conferences.

In reaching its decision, the trial court reasoned that the presence or absence of salary deductions in the past was not dispositive and rejected the arbitrator's statement that other disciplinary remedies were available. Further, the trial court stated that the deductions from

---

sented to the arbitrator was as follows: "Did the School District violate the collective bargaining agreement by withholding three (3) hours of pay of all Education Association members as a result of various members of the Association's failure to attend parent-teacher conferences during the spring of 1985? If so, what should the remedy be?"

[6] The Uniform Arbitration Act provides that, on application of a party, the court shall vacate an award where the arbitrators exceeded their authority. 42 Pa. C. S. §7314(a)(1)(iii).

pay would not deprive Appellant's members of "earned" money because the teachers who did not attend the conferences had not fully completed a normal work day. Finally, the trial court held that the arbitrator's award was violative of Section 1006 of the Public Employee Relations Act[7] (PERA) because it provided for the compensation of public employees by a public employer during a strike.

On appeal, Appellant contends that the trial court erred in vacating the arbitrator's award, arguing that the award drew its essence from the collective bargaining agreement of the parties and was not violative of Section 1006 of PERA.

We note that the scope of review of an arbitrator's decision is limited and the decision will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). The Supreme Court in *Leechburg* held that the "essence test" requires a determination of whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. If the subject matter of the dispute *is* encompassed within the terms of the agreement, "the validity of the arbitrator's interpretation is not a matter of concern to the court." *Id.* at 520-21, 424 A.2d at 1312-13. *See Upper Bucks County Area Vocational-Technical School Joint Committee v. Upper Bucks County Vocational Technical School Education Association,* 91 Pa. Commonwealth Ct. 463, 497 A.2d 943 (1985).

In order to determine whether an arbitrator's award draws its essence from the terms of a collective bargain-

---

[7] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1006. We note that Appellee did not raise this issue before the arbitrator or in its petition to vacate filed with the trial court.

ing agreement, the arbitrator's award must be examined in light of the language of the collective bargaining agreement, its context, and any other indicia of the parties' intention. *McKeesport Area School District v. McKeesport Area Education Association,* 56 Pa. Commonwealth Ct. 224, 424 A.2d 979 (1981). However, the fact that the relief awarded by the arbitrator was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award. *See* 42 Pa. C. S. §7314(a)(2).

Articles IX and XII of the collective bargaining agreement define the regular rate of pay for employees as well as what constitutes an employee's normal work day. We hold that the question of whether Appellee could properly withhold a portion of Appellant's members' pay for failure to attend parent-teacher conferences (which were considered part of the normal work day) is encompassed within the terms of the collective bargaining agreement.

In this case, the arbitrator concluded that Appellee violated the terms of the collective bargaining agreement when it docked the pay of Appellant's members for failure to attend the scheduled parent-teacher conferences. The collective bargaining agreement indicated that the conferences were to be considered part of the normal work day for which no additional compensation would be paid. Although the attendance at the conferences was mandatory, the agreement itself does not address possible sanctions for failure to attend.

The arbitrator concluded that when Appellee withheld three hours of pay, Appellee paid less per hour for regular teaching hours on the day in question than any other day in the school year. In doing so, the arbitrator referred to the past practices of Appellee and determined that the lack of salary deductions in the past for unauthorized or willful absences was further evidence

that the present withholding of pay was an impermissible means of discipline.

The award of the arbitrator in this case rationally derives its essence from the terms of the parties' agreement. The fact that the arbitrator may have failed to properly perceive the question presented or erroneously resolved it does not provide justification for judicial interference. *Central Susquehanna Intermediate Unit Education Association v. Central Susquehanna Intermediate Unit No. 16,* 74 Pa. Commonwealth Ct. 248, 459 A.2d 889 (1983); *Aliquippa Education Association v. School District of the Borough of Aliquippa,* 63 Pa. Commonwealth Ct. 91, 437 A.2d 1039 (1981).

In reversing the award of the arbitrator, the trial court also concluded that the grievance of Appellant and the arbitrator's award were concerned with pay for the period while members of Appellant were on strike and therefore violated Section 1006 of PERA. We note that, if an arbitrator's award, against the Commonwealth or its political subdivisions, conflicts with a fundamental policy of this Commonwealth expressed in statutory law, the judiciary has the express statutory authority to review and correct or modify that award in the same manner as jury verdicts on a motion for judgment n.o.v. 42 Pa. C. S. §7302(d)(2).[8]

The arbitrator made no factual determination that the teachers who did not attend the conferences were "on strike," but concluded only that the refusal to attend the conferences constituted a violation of the terms of the collective bargaining agreement. Further, the arbitrator examined the provisions of the agreement which related to compensation and the normal work day. The

---

[8] Section 703 of PERA also prohibits the parties and the arbitrator from effecting or implementing a provision in the collective bargaining agreement if such provision would be in violation of, inconsistent with, or in conflict with any statute. 43 P.S. §1101.703.

arbitrator concluded that the annual salary based upon a school year of one hundred and eighty-four (184) days covered the work and hours as provided in the collective bargaining agreement. Based upon these provisions, the arbitrator determined that, although the teachers were required to attend the conferences, they were not to be compensated for such attendance.

Given the arbitrator's resolution of the parties' intention and interpretation of the collective bargaining agreement, we cannot conclude, as the trial court did, that prohibiting Appellee from withholding pay from teachers for their failure to attend parent-teacher conferences was tantamount to permitting those teachers to receive compensation during a strike period. As we stated above, so long as the arbitrator's interpretation of the collective bargaining agreement was reasonable, the validity of that interpretation is not a proper subject for judicial review. *Bristol Township Education Association v. Bristol Township School District,* 74 Pa. Commonwealth Ct. 445, 460 A.2d 387 (1983). Because the arbitrator's award was not violative of Section 1006 of PERA, we will not disturb it.

Because we conclude that the arbitrator's award draws its essence from the collective bargaining agreement and does not violate Section 1006 of PERA, the trial court erred in vacating the award.

Accordingly, we reverse and reinstate the award of the arbitrator.

### ORDER

AND NOW, February 17, 1988, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed and the award of the arbitrator is reinstated.