545 A.2d 419

Mifflinburg Area Education Association, PSEA/ NEA and James E. McMenamin, Appellants *v.* Mifflinburg Area School District, Appellee.

Argued April 22, 1988, before Judges DOYLE, PALLA- DINO, and SMITH, sitting as a panel of three.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellants.

*Stephen S. Russell,* Pennsylvania School Boards Association, for appellee.

OPINION BY JUDGE PALLADINO, August 1, 1988:

Mifflinburg Area Education Association, PSEA/NEA (Appellant) and James E. McMenamin (Grievant) appeal an order of the Court of Common Pleas of Union County (trial court) vacating an arbitrator's award rendered pursuant to a grievance filed by Appellant against Mifflinburg Area School District (Appellee). For the reasons set forth below, we reverse and reinstate the award of the arbitrator.

Appellant and Appellee were parties to a collective bargaining agreement effective from July 1, 1981 to June 30, 1984. Grievant was employed as a teacher by Appellee for the 1982-1983 school year. Grievant did not have tenure and was thus considered a temporary employee by Appellee. During the course of the school year, Grievant was observed and evaluated by Appellee. By letter dated June 23, 1983, Grievant was advised that his performance was being rated "unsatisfactory" and that his employment would be terminated at the conclusion of the school year.

On June 27, 1983, Grievant filed a grievance seeking to have the issue of his termination arbitrated under the provisions of the collective bargaining agreement.[1]

_____

[1] Section 903 of the Public Employe Relations Act (PERA) mandates the arbitration of all disputes arising out of the interpretation of a collective bargaining agreement. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903.

Appellee initially refused to arbitrate, claiming that the agreement did not apply to non-tenured teachers and/or that dismissal was not arbitrable. Grievant and Appellant then filed an unfair labor practice charge with the Pennsylvania Labor Relations Board, seeking to compel arbitration. Grievant also filed an action in mandamus in the trial court, seeking reinstatement to his position.

The parties subsequently entered into an agreement to arbitrate.[2] However, Appellee did not agree to waive the issue of arbitrability. As a result, the arbitrator bifurcated the issues of arbitrability and the merits of Grievant's claim. Hearings were then held on the arbitrability issue. By decision dated October 24, 1985, the arbitrator found that the grievance was arbitrable. The arbitrator determined that the collective bargaining agreement applied to both tenured and non-tenured teachers and that the "just cause" provision of the agreement encompassed the action of dismissal.[3]

Appellee filed a petition with the trial court requesting that the arbitrator's award be vacated. Appellee argued that the award did not draw its essence from the terms of the collective bargaining agreement and asserted that the "just cause" provision did not include dis-

---

[2] As a result of this agreement, the unfair labor practice charge and the mandamus action were withdrawn.

[3] Article XXIII of the collective bargaining agreement provides that:

No professional employee shall be disciplined, reprimanded, or reduced in rank or compensation without just cause. Just cause shall mean immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, persistent and willful violation of the school laws of the Commonwealth and/or procedures, regulations and policies of the Mifflinburg Area School District.

missal.[4] Appellee also contended that non-tenured teachers were not covered by the agreement.

The trial court concluded that the arbitrator properly determined that the collective bargaining agreement applied to both tenured and non-tenured teachers. However, the trial court vacated the award on the ground that dismissal was not arbitrable. The trial court concluded that dismissal was not subsumed within the term "discipline" as used in the just cause provision. Appellee asserts that the trial court's decision was proper, arguing that if the parties had intended to arbitrate dismissals, they would have expressly included such a provision in the collective bargaining agreement.[5]

On appeal to this court, Appellant and Grievant contend that the trial court erred in vacating the award of the arbitrator and assert that dismissal is arbitrable under the terms of the collective bargaining agreement. Appellee does *not* appeal that portion of the trial court's decision which holds that the agreement governs both tenured and non-tenured teachers.

---

[4] Article XXVII of the collective bargaining agreement defines the arbitrator's jurisdiction: "Nothing contained herein, however, shall empower any arbitrator in rendering his/her decision to in any way directly or indirectly expand, modify, or amend the terms and provisions of this collective bargaining agreement." Appellee contended that the arbitrator's interpretation of the agreement constituted, in effect, an amendment of that agreement.

[5] Appellee also cites Article XXII of the collective bargaining agreement which provides that "[a]ny action taken by the School Board for which procedures for redress are covered by the School Code of 1949, as amended, shall not be governed by the provisions of Article XXVII-Grievance Procedure." Appellee contends that because the School Code provides procedures by which dismissals may be challenged, dismissals are therefore not arbitrable under the grievance provisions of the collective bargaining agreement.

We note that the scope of review of an arbitrator's decision is limited and the decision will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). The Supreme Court in *Leechburg* held that the "essence test" requires a determination of whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. If the subject matter of the dispute *is* encompassed within those terms, the validity of the arbitrator's decision is not a proper matter for judicial review. *Id.* at 520-21, 424 A.2d at 1312-13. *See Wilkes-Barre Educational Association v. Wilkes-Barre Area School District*, 113 Pa. Commonwealth Ct. 492, 538 A.2d 81 (1988).

In order to determine whether an arbitrator's award meets the essence test, the award must be examined in light of the language of the collective bargaining agreement, its context, and any other indicia of the parties' intention. *McKeesport Area School District v. McKeesport Area Education Association*, 56 Pa. Commonwealth Ct. 224, 424 A.2d 979 (1981). Further, the broad judicial deference given to arbitrators' decisions applies with equal force to determinations regarding the arbitrability of the subject matter of a grievance. *Ridley School District v. Ridley Education Association*, 84 Pa. Commonwealth Ct. 117, 479 A.2d 641 (1984).

In this case, the arbitrator noted that the Article XXIII "just cause" provision did not specifically mention dismissal. However, the arbitrator found that "dismissal" was subsumed within the term "discipline" in that provision. The arbitrator determined that dismissal was arbitrable because, in defining "just cause," the parties adopted the causes for dismissal from section 1122 of the Public School Code of 1949 (School Code)[6] and in-

---

[6] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11-1122.

corporated them into the bargaining agreement. The arbitrator reasoned that this evidenced the parties' intention that dismissal under the collective bargaining agreement could be effected for the same offenses recognized by the School Code. Arbitrator's Award at 13. Finally, the arbitrator also noted that the collective bargaining agreement did not otherwise address dismissal or discharge.

Central to the arbitrator's award is his analysis of the Pennsylvania Supreme Court's decision in *Neshaminy Federation of Teachers v. Neshaminy School District,* 501 Pa. 534, 462 A.2d 629 (1983). In *Neshaminy,* the Supreme Court held that the term "discipline," as used in a collective bargaining agreement prohibiting the discipline of professional employees without just cause, was not intended by the parties to include dismissal.[7] The collective bargaining agreement in *Neshaminy* contained a separate provision pertaining to dismissal.

The arbitrator distinguished *Neshaminy* and noted that in this case, dismissal was not addressed by any of the other clauses in the collective bargaining agreement. Arbitrator's Award at 10. Further, the arbitrator in the instant case stated that part of the holding in *Neshaminy* was based upon the court's tracing of the interplay between the collective bargaining agreement and the School Code. At the time *Neshaminy* was decided, the School Code provided the exclusive procedures by which dismissal could be challenged. Thus, the court in *Neshaminy* concluded that to interpret the term "discipline" to include "dismissal" would violate the School Code and require the parties to perform an ille-

---

[7] In *Neshaminy,* the collective bargaining agreement contained a savings clause similar to the one in the case at bar. The clause in *Neshaminy* provided that the parties did not intend the agreement to supersede or contravene the School Code.

gal act in contravention of section 703 of PERA, 43 P.S. §1101.703.[8]

In vacating the award of the arbitrator, the trial court found *Neshaminy* controlling. The trial court concluded that the just cause language in this case was substantially similar to the language which the court was interpreting in *Neshaminy*. Further, the trial court stated that the parties' intent should be ascertained by reference to *Neshaminy's* discussion of the legality of grieving a dismissal. The trial court reasoned that because the inclusion of "dismissal" in a grievance provision would have been illegal at the time the parties negotiated and executed the collective bargaining agreement in this case, the parties therefore did not intend the term "discipline" to encompass "dismissal." Thus, the trial court opined that even though the School Code was subsequently amended to permit the grievance of dismissals, such amendment could not alter the parties' intent when they entered into the agreement.

However, as noted above, the parties have bargained for the arbitrator's interpretation of a collective bargain-

---

[8] *Neshaminy* has since been legislatively overruled to an extent. The School Code now provides that nothing in the Code shall be construed to supersede or preempt a provision of a collective bargaining agreement in effect on July 23, 1970 or any date thereafter negotiated in accordance with PERA and which provision gives the exclusive representative the right to arbitrate the validity of a professional employee's termination for just cause or for any of the causes set forth in the School Code. This amendment to the School Code was effective in July of 1984 but was made retroactive to January 1, 1983. *See* section 1133 of the School Code, 24 P.S. §11-1133. Because this amendment was made retroactive to January 1, 1983, which was prior to the date the grievance in the instant case arose, *Neshaminy* cannot be used as a basis for finding the arbitrator's award improper (*i.e.* requiring the parties to act illegally). *See Wilson Area Education Association v. Wilson Area School,* 90 Pa. Commonwealth Ct. 151, 494 A.2d 506 (1985).

ing agreement and great deference is to be accorded that interpretation, including that regarding the arbitrability of the subject matter of a dispute. *Ridley.* In this case, we hold that the arbitrator's award draws its essence from the terms of the collective bargaining agreement. The fact that the arbitrator may have failed to properly perceive the question presented or erroneously resolved it does not provide justification for judicial interference. *Central Susquehanna Intermediate Unit Education Association v. Central Susquehanna Intermediate Unit No. 16,* 74 Pa. Commonwealth Ct. 248, 459 A.2d 889 (1983). So long as the arbitrator's interpretation of the collective bargaining agreement was reasonable, this court will not intrude into the domain of the arbitrator simply because its interpretation of the agreement might differ from that of the arbitrator. *American Federation of State, County, and Municipal Employees, AFL-CIO, District Council 87 v. Luzerne County* 115 Pa. Commonwealth Ct. 604, 540 A.2d 1002 (1988).

Because the arbitrator's award draws its essence from the terms of the collective bargaining agreement, the trial court erred in vacating the award.

Accordingly, we reverse and reinstate the award of the arbitrator.

ORDER

AND NOW, August 1, 1988, the order of the Court of Common Pleas of Union County in the above-captioned matter is reversed and the award of the arbitrator is reinstated.

Judge SMITH dissents.