122 Pa. Commonwealth Ct. 595 (1989)
552 A.2d 763
The Middle Bucks Area Vocational Technical School Education Association, and Richard Liebel and Clifford L. Clymer, Trustee ad litem, Appellants
v.
The Executive Council of The Middle Bucks Area Vocational Technical School, Appellee.
No. 2731 C.D. 1987.
Commonwealth Court of Pennsylvania.
Argued December 16, 1988.
January 12, 1989.
*596 Argued December 16, 1988, before Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.
A. Martin Herring, A. Martin Herring & Associates, for appellants.
Michael I. Levin, Cleckner and Fearen, for appellee.
OPINION BY SENIOR JUDGE BARBIERI, January 12, 1989:
The Middle Bucks Area Vocational Technical School Education Association (Appellant), Richard Liebel, and Clifford L. Clymer, as trustee ad litem, appeal the order of the Court of Common Pleas of Bucks County *597 which granted the equity complaint of The Executive Council of the Middle Bucks Vocational Technical School (Appellee) by enjoining the parties from proceeding to arbitration under their collective bargaining agreement concerning the dismissal of Richard Liebel (Liebel), a tenured teacher. We affirm.
Appellee is the governing body of the Middle Bucks Area Vocational Technical School. Appellant is the collective bargaining agent for the teachers at the school including Liebel who is a professional, tenured employee as defined by the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§1.101-26.2607. Appellant and Appellee are parties to a collective bargaining agreement negotiated under the provisions of the Public Employee Relation Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §§1101.101-1101.2301.
On May 27, 1987, Appellee served on Liebel a notice of dismissal pursuant to Section 1127 of the Code, 26 P.S. §11-1127. Liebel received a hearing and was dismissed following an adjudication which Liebel did not appeal. Instead, Liebel elected to file a grievance and proceed to arbitration under the terms of the collective bargaining agreement. Appellee took the position that the terms of the agreement provided that the Code, not arbitration, was the exclusive means provided for challenging the dismissal of a tenured teacher. Appellee refused to participate in the arbitration and instead filed an equity complaint pursuant to Section 7304(b) of the Uniform Arbitration Act (Act), 42 Pa. C. S. §7304(b), requesting the trial court stay the arbitration on the grounds there was no agreement to arbitrate.
Dismissal of professional employees is covered by Article VIII of the parties' collective bargaining agreement:

*598 ARTICLE VIII
1. Job Security and Job Performance. The Pennsylvania School Code includes certain job security provisions, certification and other regulatory provisions associating the various classes of employees. The parties hereby agree that the provisions of the school code shall govern the matter in which the job security, job progression, and reduction in force practices shall be affected with respect to members of the bargaining unit.
The trial court found that during the first collective bargaining agreement negotiated between the parties in 1972, the parties decided to submit dismissal of nontenured teachers to arbitration but to disallow arbitration of dismissals with respect to tenured teachers because tenured teachers could proceed under the provisions of the Code. The trial court further found that Article VIII of the present agreement, quoted above, and effective September 1, 1985, was intended to continue this arrangement. The trial court concluded that termination of tenured, professional school employees was controlled by the Code, citing Neshaminy Federation of Teachers v. Neshaminy School District, 501 Pa. 534, 462 A.2d 629 (1983), and that the parties did not intend to arbitrate dismissal of tenured teachers. The trial court therefore stayed the arbitration proceedings pursuant to Section 7304(b) of the Act.
On appeal, Appellant asserts that the trial court had no jurisdiction to enter a stay because Section 903 of the PERA, 43 P.S. §1101.903, compels the submission of all disputes arising out of the collective bargaining agreement to arbitration and it is the arbitrator who determines in the first instance whether or not an issue is arbitrable. We are thus presented with an apparent conflict between Section 7304(b) of the Uniform Arbitration *599 Act and Section 903 of the PERA. Appellant asserts that the language of the collective bargaining agreement regarding dismissals in the instant case is identical to that found in Wilson Area Education Association v. Wilson Area School District, 90 Pa. Commonwealth Ct. 151, 494 A.2d 506 (1985), where the parties did arbitrate the dismissal of a tenured teacher.
In Wilson, the submission of the dismissal issue to arbitration was not in dispute, the parties agreed to arbitrate. The issue in Wilson was whether, under the Code as interpreted by the Supreme Court in Neshaminy Federation of Teachers, a professional employee could elect between arbitration or an appeal to the Secretary of Education. Since Neshaminy Federation of Teachers was partially overturned by the legislature's subsequent enactment of Section 1133 of the Code, added by Section 4 of the Act of June 29, 1984 (Act), P.L. 438, 24 P.S. §11-1133, Wilson is, in the words of this Court, "a one time only case." Wilson, 90 Pa. Commonwealth Ct. at 158, 494 A.2d at 509. Wilson does not deal with the issue of who determines whether an issue is arbitrable in the first instance and does not involve a conflict between Section 903 of the PERA and Section 7304(b) of the Uniform Arbitration Act.
It is our obligation to reconcile, wherever possible, seemingly inconsistent statutes so as to give effect to each. Appeal of Yerger, 460 Pa. 537, 333 A.2d 902 (1975); In Re Appeal of Atlantic Richfield Co., 79 Pa. Commonwealth Ct. 285, 468 A.2d 1208 (1983). Recently, in Mifflin County School District v. Lutz, 122 Pa. Commonwealth Ct. 537, 551 A.2d 396 (1988), we held that a trial court does have the authority to stay an arbitration pursuant to Section 7304(b) if the relevant collective bargaining agreement prohibits arbitration as a potential remedy for the dispute. We note that in AT&T Technologies, Inc. v. Communications Workers of *600 America, 475 U.S. 643 (1986), the United States Supreme Court reached a similar result in interpreting federal labor law.
While Section 903 of the PERA does require arbitration of disputes arising out of the interpretation of the provisions of the agreement, it is silent as to who interprets whether the dispute is arbitrable or not. By contrast, Section 7304(b) expressly permits the trial court to stay an arbitration if it determines there is no agreement to arbitrate the dispute. We must give effect to the specific language of Section 7304(b).
We do not wish to suggest that the arbitrator no longer has the power to determine whether or not an issue is arbitrable once the parties are before him. See Mifflinburg Area Education Association v. Mifflinburg Area School District, 118 Pa. Commonwealth Ct. 328, 545 A.2d 419 (1988). Section 7304(b) is a pre-emptive measure, it must be used before the arbitration proceedings commence. We hold that while Section 7304(b) of the Act permits a party to petition the trial court for a preliminary determination of whether or not an issue is arbitrable under the terms of the collective bargaining agreement, once the arbitration proceedings actually begin, the arbitrator's determinations regarding the subject matter of a grievance are controlling.
Appellant challenges only the trial court's jurisdiction, not its findings. Since we hold that the trial court had jurisdiction to stay the arbitration proceeding under Section 7304(b), we need go no further. The order of the trial court is affirmed.

ORDER
NOW, January 12, 1989, the order of the Court of Common Pleas of Bucks County at No. 87-007914, dated November 20, 1987, is hereby affirmed.